67750. DRAKE v. THE STATE.

CARLEY, Judge.

Appellant was indicted for two counts of theft by taking. Separate nolle prosequi orders were subsequently entered as to each count of the indictment. Appellant then filed a motion in that criminal case seeking an order from the trial court expunging her fingerprint record and her criminal arrest record. Appellant appeals from the trial court's denial of that motion. Appellant asserts that the records should be expunged because they misleadingly denote her involvement in the criminal justice system. She further contends that the refusal to expunge the records is misleading because the nolle prosequi orders demonstrate an absence of her commission of a criminal act and have forever cleared her of the charges brought against her.

1. OCGA § 35-3-37 (c) delineates a procedure whereby an individual may request that his criminal records be purged, modified, or supplemented. We note at the outset that, by seeking expungement directly from the superior court, appellant has not complied with this procedure. Furthermore, OCGA § 35-3-37 (c) applies only when a criminal record is inaccurate, incomplete or misleading. Appellant asserts that her criminal records are inaccurate and misleading merely because orders of nolle prosequi have been entered as to the two charges of theft by taking. The mere entry of nolle prosequi does not indicate an absence of the commission of a criminal act or forever clear one of the charges brought against him. "A nolle prosequi is a cessation of prosecution for the nonce, but it may spring into life again and be continued again with all of the fervor and energy at the command of the prosecuting officers. A new indictment may be returned or a new accusation may be filed, and the earlier nolle prosequi can in no sense be pleaded as autrefois acquit or former jeopardy, or res judicata. [Cit.]" *McGahee v. State*, 133 Ga. App. 964, 966 (213 SE2d 91) (1975). See also *Price v. Cobb*, 60 Ga. App. 59 (3 SE2d 131) (1939). "A *nolle prosequi* does not adjudicate either the innocence or guilt of the accused unless the accused has been placed in jeopardy." (Emphasis in original.) *Hunter v. State*, 104 Ga. App. 576 (122 SE2d 172) (1961). Therefore, appellant failed to show that her criminal records are inaccurate, incomplete, or misleading, and she is not entitled to their modification or expungement under OCGA § 35-3-37 (c).

2. Likewise, we find that appellant is not entitled to have her fingerprint record returned pursuant to OCGA § 35-3-36 (c). That statute provides that "[a]ny person arrested or taken into custody and subsequently released without charge or. cleared of the offense through court proceedings shall have any fingerprint record taken in connection therewith returned if required by statute or upon court order . . ." As previously stated, appellant was not "released without charge or cleared of the offense through court proceedings." Instead, she was indicted and orders of nolle prosequi were entered, which indicates " 'a voluntary withdrawal by the prosecuting officer of present proceedings on a particular bill.' " (Emphasis deleted.) *Hunter v. State*, supra at 577.

The trial court did not err in denying appellant's motion.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED MAY 7, 1984.

*Richard E. Stark*, for appellant.

*W. Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney,* for appellee.