A90A1392. THRASHER v. THE STATE.
(398 SE2d 850)

McMurray, Presiding Judge.

Defendant appealed after his conviction for aggravated assault and armed robbery. *Held*:

1. Defendant asserts two grounds for error in his first enumeration. He first contends "the trial court erred during an unrecorded voir dire, when it instructed the jury that in order to qualify, a juror must come into a case without any opinion as to the guilt or innocence of the defendant." Next, defendant "contends that the failure to record the court's ruling and defense objections [during voir dire] constitutes reversible error." Defendant's first contention is not supported by the record. His second contention is without merit.[1]

" ' "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). . . . When this is not done, there is nothing for the appellate court to review. (Cit.)" (Cits.)' *Vaughn v. State*, 173 Ga. App. 716, 718 (7) (327 SE2d 747) (1985)." *Meier v. State*, 190 Ga. App. 625 (1) (379 SE2d 588).

In the case sub judice, voir dire was not recorded and defendant made no attempt under OCGA § 5-6-41 (f) to have the record or transcript amended so as to include any objectionable matter which might have transpired during voir dire. Defense counsel's only attempt to perfect the record as to objections asserted during voir dire came after the jury was impaneled and sworn. The trial court then preserved the relevant portion of the record through the emphasized language of the following colloquy:

"[DEFENSE COUNSEL]: I would like the record to reflect that during the voir dire procedure I made a motion for mistrial. I guess it would be a challenge to the poll or to the pool at that particular point and asked the court to bring us a new pool based upon what I perceived as incorrect instructions and incorrect statements in the presence of all the jurors made by the court. And for purposes of the record, those statements were that the jurors were not to believe that the defendant as he was seated here was, in fact, innocent but they

---

[1] Defendant "has failed to follow our codal requirements that enumerations 'shall set out separately each error relied upon.' OCGA § 5-6-40; *Hester v. Baker*, 180 Ga. App. 627 (1) (349 SE2d 834)." *Palmer v. State*, 186 Ga. App. 892, 899 (4) (369 SE2d 38).

should come into this case not believing anything. And it was my position, judge, that the jurors as they come into a case must believe that the defendant as he sits there is, in fact, innocent. That is my understanding of the presumption of innocence as it pertains to a defendant in a criminal case.

"THE COURT: You defeat your own belief in the presumption of innocence. You tell me they should believe in his innocence. Those are two different things. And what the court explained to the jury was just that very fact; *it is a presumption and they are required under the law to allow him that presumption of innocence.* Obviously, if they believe he is guilty or they believe he's innocent, they already made some determination about his guilt or innocence. And so when you ask the jurors — and this is what this arose about, and the record should show that, that you[, defense counsel,] are questioning the juror as to *whether or not they believed your client was innocent, and the court indicated that was an improper question. They should not be required to respond to whether or not they believed he was innocent. The real question here was whether or not they presumed him to be innocent until they heard evidence to the contrary.*

"[DEFENSE COUNSEL]: I believe a fundamental principle of our criminal jurisprudence, basic assumption of our criminal justice system that the juror must come into the case believing that the defendant is innocent as he sits there until and unless overcome by —

"THE COURT: Obviously I can't deal with what you believe. I have to charge what the law is.

"[DEFENSE COUNSEL]: I'm perfecting the record because I believe it is my position that the court incorrectly charged.

"THE COURT: You show me authority to that effect.

"[DEFENSE COUNSEL]: That presumption means that the defendant is, in fact, innocent as he sits there.

"THE COURT: That's an impossibility for anyone to believe that, if he was innocent of that, he was sitting there. There would be no need for a trial.

"[DEFENSE COUNSEL]: No, No, he cannot be made guilty by coming in here and trying him. He cannot be made guilty by the evidence. He comes into court either innocent or guilty the day he walks in here; the facts do not change. . . .

"THE COURT: There are facts.

"[DEFENSE COUNSEL]: There are no facts before potential jurors.

"THE COURT: I understand that, but the facts exist there when he walks in the court room, and they do not change. He's either guilty or he's innocent of the charge. Now, the jury is not trying to decide one way or the other. They are, however, to presume that he's innocent. They must believe as he comes into court he is, in fact, innocent

of the charge. I dealt with it. You made your motion.

"[DEFENSE COUNSEL]: I would renew it at this time.

"THE COURT: I overrule it. All right, let's go on now."

In *Evans v. State*, 222 Ga. 392, 400 (13) (150 SE2d 240), the trial court refused to allow defense counsel to ask a prospective juror, " 'Do you believe that and in your mind at this time, right now, is [defendant] sitting at this table innocent, an innocent man?' " The Supreme Court found this question improper, holding that no question should be framed so as to require a response from a prospective juror which might amount to a prejudgment of the case. *Evans v. State*, 222 Ga. 392, 400 (13), 401, supra.

In the case sub judice, defendant's inquiry, i.e., "whether or not [the prospective jurors] believed [that defendant] was innocent," was an improper inquiry because it called upon the prospective jurors to prejudge the case. Accordingly, the trial court did not err in ruling that the inquiry "was an improper question [and that the prospective jurors] should not be required to respond to whether or not they believed [defendant] was innocent." Further, we find no error in the trial court's ruling that "[t]he real question here [was] whether or not [the prospective jurors] presumed [defendant] to be innocent until they heard evidence to the contrary." This enumeration is without merit.

2. Defendant contends the trial court erred in failing to allow a defense witness' testimony regarding statements made by the witness' son.

Defense counsel asked a defense witness on direct examination, "Did [your son] tell you whether he was with anybody else?" The State's attorney objected, arguing that the question was an attempt to solicit hearsay. Defendant argued that the testimony was admissible "under res gestae. . . ." The trial court sustained the State's objection and excluded the question. Defense counsel did not attempt to perfect the record by proving the witness' response.

" '(A) judgment will not be reversed, on an exception to the refusal of the trial court to allow a competent witness to testify, where the record does not show what testimony the witness was expected to give.' *Hall v. State*, 202 Ga. 619 (2) (44 SE2d 234)." *Hickox v. State*, 138 Ga. App. 882, 883 (3) (227 SE2d 829). This enumeration presents nothing for review.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 15, 1990.

*Bruce S. Harvey*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Henry M.*

*Newkirk, Rebecca A. Keel, Assistant District Attorneys*, for appellee.