S91A1507. CITY OF ROSWELL v. CITY OF ATLANTA et al.
S91A1545. CITY OF UNION CITY v. CITY OF ATLANTA et al.

(410 SE2d 28)

FLETCHER, Justice.

The issue in this appeal is the effective date for a new distribution formula for the local option sales tax when a minority municipality requests treatment as an absent municipality. We hold the effective date should be January 1 of the next calendar year, whether the county's political subdivisions file a distribution certificate or the State Revenue Commissioner institutes a new distribution formula that includes an absent municipality. Accordingly, we affirm the trial court's injunction.

Fulton County voters passed a one percent local option sales tax in 1982. The county and qualified municipalities negotiated a distribution certificate in 1983 that allocated the tax proceeds among them. After the 1990 decennial census, the City of Roswell and other municipalities with increased populations sought to renegotiate the 1983 certificate. The negotiations failed and Roswell and the City of Mountain Park sought absent municipality status. The commissioner wrote Fulton County and its municipalities giving them 60 days to negotiate a new distribution certificate that would go into effect on January 1, 1992. If, however, they failed to negotiate a new certificate, he would institute a new distribution formula that would go into effect on July 2, 1991. The county's political subdivisions failed to produce a negotiated certificate.

The City of Atlanta sued the commissioner challenging the new distribution formula and its proposed effective date. The trial court enjoined the commissioner from altering the distribution formula on the grounds that OCGA § 48-8-89 requires the formula to change on January 1, 1992. Roswell and three other cities appealed.

1. In interpreting statutes, courts must look for the intent of the legislature and construe statutes to effectuate that intent. *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185 (317 SE2d 816), cert. denied, 469 U. S. 1018 (1984). All words, except words of art, shall be given their ordinary significance. OCGA § 1-3-1 (b).

The Joint County and Municipal Sales and Use Tax Act, OCGA §§ 48-8-80 to 48-8-91, specifies the date that the commissioner shall implement a certificate on the distribution of tax proceeds.

> [T]he [initial] certificate shall be filed with the commissioner within 60 days after the tax is imposed within the district. The commissioner shall continue to distribute the proceeds of the tax as otherwise provided in this Code section until the first day of the next calendar year following the month in which the commissioner receives a certificate as provided in

this Code section, which certificate shall provide other percentages upon which the commissioner shall make the distribution to the political subdivisions entitled to the proceeds of the tax.

OCGA § 48-8-89 (b) (Supp. 1991).

We construe this statute to mean that the effective date for a replacement certificate shall be January 1 following the month when the governing authorities file a distribution certificate with the commissioner or the commissioner institutes a new distribution formula after notifying the county that a minority municipality elects absent municipality status.[1] Other sections of the Act bolster our selection of January 1 as the preferred date. See, e.g., OCGA § 48-8-89.1 (d) (terminating tax district's authority to impose tax on January 1 for failure to file a new certificate); OCGA § 48-8-89.1 (e) (distributing proceeds under new certificate required by additional qualified municipality on January 1); see also 1980 Op. Att'y Gen. No. 80-46 ("replacement certificates always take effect on the January 1 next succeeding the date the replacement certificate is filed"). Reallocating tax proceeds at the beginning of the calendar, and often fiscal, year honors the legislature's intent to encourage negotiation and assist local governments in planning their budgets.

2. By adopting January 1 as the effective date, we reject Roswell's and the commissioner's argument that the 60-day period referred to in *City of Winder v. Collins*, 259 Ga. 570, 572 (385 SE2d 71) (1989), controls when a minority municipality seeks absent municipality status. As stressed in *Winder*, however, this court is concerned that every municipality receive its fair share of the tax proceeds. If the parties fail to resolve the remaining issues by January 1, 1992, the trial court would have the power to order that the disputed tax proceeds be placed in an escrow account or the new formula be applied retroactively to January 1, 1992. Either remedy comports with the Act's intent to encourage counties and qualified municipalities to negotiate the distribution certificate.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1991.

*Bovis, Kyle & Burch, John V. Burch,* for appellant (case no. S91A1507).

*Polatty & Sullivan, George J. Polatty, Jr., Michael E. Sullivan,* for appellant (case no. S91A1545).

---

[1] This rule does not alter the effective dates of distribution formulas under OCGA §§ 48-8-89.2 and 48-8-89.3.

*Michael J. Bowers, Attorney General, Daniel M. Formby, David A. Runnion, Senior Assistant Attorneys General, Michael V. Coleman, David D. Blum, Robert L. Zoeckler,* for appellees.