A92A0484. BURGESS et al. v. MEINKEN.
(420 SE2d 329)

CARLEY, Presiding Judge.

Appellee was indicted in DeKalb County but, pursuant to OCGA § 17-7-170 (b), he was subsequently acquitted by operation of law. Thereafter, appellee requested appellant DeKalb County Police Department and appellant Chief of Police of DeKalb County to expunge his arrest record. When appellants declined to do so, appellee appealed to the superior court. Finding that appellee's "arrest record is inaccurate and misleading in that it does not reflect the disposition of this case," the trial court ordered that appellee's arrest record be expunged. Appellants appeal to this court pursuant to the grant of their application for a discretionary appeal. See *Strohecker v. Gwinnett County Police Dept.*, 182 Ga. App. 853, 854 (2) (357 SE2d 305) (1987).

In pertinent part, the applicable statute reads as follows: "If an individual believes his criminal records to be inaccurate or *incomplete*, he may request the original agency having custody or control of the detail records to purge, modify, or *supplement* them and to notify the [Georgia Crime Information Center] of such changes. Should the agency decline to act or should the individual believe the agency's decision to be unsatisfactory, the individual or his attorney may, within 30 days of such decision, enter an appeal to the superior court . . . to acquire an order by the court that the subject information be expunged, modified, or *supplemented* by the agency of record. The court shall conduct a de novo hearing and may order such relief as it finds *to be required by law.* . . . Should the record in question be found to be inaccurate, *incomplete*, or misleading, the court *shall* order it to be *appropriately* expunged, modified, or *supplemented by an explanatory notation.* . . ." (Emphasis supplied.) OCGA § 35-3-37 (c).

"In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the *evil*, and the *remedy*." (Emphasis supplied.) OCGA § 1-3-1 (a). "In arriving at [the] intent of the legislature, it is . . . fundamental that all of the words of the statute are to be given due weight and meaning ([cit.]) and that the court is not authorized to disregard any of the words of the statute in question unless the failure to do so would lead to an absurdity manifestly not intended by the legislature. [Cit.]" *Boyles v. Steine*, 224 Ga. 392, 395 (162 SE2d 324) (1968). "All the words of the legislature, however numerous, ought to be preserved, and effect given to the whole, if it can be done. [Cits.]" *Undercofler v. Colonial Pipeline Co.*, 114 Ga. App. 739, 743 (152 SE2d 768) (1966). "Furthermore, the words of a statute are always to be construed in connection with their context, and the intention of the legislature is to be gathered from the statute as a whole so as to give effect to all of its parts, if possible. [Cits.]" *Bibb County v. Hancock*, 211 Ga. 429, 440 (2) (86 SE2d 511) (1955).

Pursuant to OCGA § 35-3-37 (c), the "remedy" for the "evil" of an *inaccurate* record of an arrest may be expungement. 1975 Op. Att'y Gen. No. 75-110. However, appellee's arrest record is not inaccurate. Appellee was arrested and there is no contention that his arrest is not accurately reflected by the record maintained by appellants. Appellee's record is, at most, merely incomplete in that it does not reflect that, *subsequent* to his arrest, he was acquitted by operation of law. The subsequent indictment of appellee and the final disposition of his case does not render the record of his prior arrest inaccurate. To hold that a merely incomplete record can be totally expunged would be to disregard the distinction between inaccurate and incomplete records. OCGA § 35-3-37 (c) refers to inaccurate and

incomplete records disjunctively. The statute does not give the individual having merely an *incomplete* record the option of having his records *completely* expunged. Individuals having incomplete criminal records would never opt for mere supplementation if complete expungement were an available remedy. The statutory mandate of the Georgia Crime Information Center is to maintain *arrest* records, not merely the records of criminal cases which culminated in convictions. See OCGA § 35-3-33 (1) (A). Accordingly, the construction of OCGA § 35-3-37 (c) advanced by appellee and accepted by the superior court is erroneous. Under OCGA § 35-3-37 (c), the "remedy" for the "evil" of incomplete criminal records is supplementation, not expungement. An individual is entitled to have his criminal records reflect accurate and complete information, but he is not entitled to have accurate but incomplete information expunged from his criminal record. It follows that the superior court erred in expunging appellee's arrest record. The order of the superior court is reversed with direction that appellee's arrest record be supplemented.

*Judgment reversed with direction. Pope and Johnson, JJ., concur.*

DECIDED JUNE 8, 1992 —
RECONSIDERATION DENIED JUNE 23, 1992 —

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellants.
*Glenn Zell, Rodney Zell,* for appellee.