S92G1252. MEINKEN v. BURGESS et al.
(426 SE2d 876)

SEARS-COLLINS, Justice.

We granted certiorari in this case to determine whether the Court of Appeals correctly held that a person with an incomplete arrest record can never have his arrest record expunged under OCGA § 35-3-37 (c) but instead can only have his arrest record supplemented. *Burgess v. Meinken*, 204 Ga. App. 600, 601-602 (420 SE2d 329) (1992). For the reasons that follow, we reverse.

In this case, Meinken was arrested for the molestation of his three-year-old daughter. The basis for the arrest was a police videotape interview with Meinken's daughter. Meinken subsequently filed a demand for speedy trial, which the state was unable to comply with because the child would not talk about the alleged molestation. Mein-

ken was thus acquitted by operation of law. OCGA § 17-7-170 (b). Meinken then requested the DeKalb County Police Department and the Chief of Police of DeKalb County to expunge his arrest record. After they declined to do so, Meinken appealed to superior court. OCGA § 35-3-37 (c). The trial court found that Meinken's arrest record was "inaccurate and misleading in that it does not reflect the disposition with this case," and therefore ordered that Meinken's arrest record be expunged. OCGA § 35-3-37 (c). Moreover, at a hearing on a motion to supplement the record on appeal, the trial court stated that in issuing its order it gave special consideration to the videotape. The court added that it had "grave concerns" about the videotape because it was "leading . . . and very suggestive."

The DeKalb County Police Department appealed to the Court of Appeals, which reversed. The Court held that Meinken's arrest record was not inaccurate because the record accurately reflected his arrest. Instead, the Court concluded that Meinken's record was merely incomplete, in that it did not reflect that he was subsequently acquitted by operation of law. The Court reversed on the ground that the remedy of expungement is only available when an arrest record is inaccurate. *Burgess*, supra, 204 Ga. App. at 601-602. We then granted certiorari to determine whether that holding is correct. We conclude that it is not.

1. OCGA § 35-3-37 (c) provides that

> [i]f an individual believes his criminal records to be *inaccurate or incomplete*, he may request the original agency having custody or control of the detail records to *purge, modify, or supplement* them and to notify the [Georgia Crime Information Center] of such changes. Should the agency decline to act or should the individual believe the agency's decision to be unsatisfactory, the individual or his attorney may, within 30 days of such decision, enter an appeal to the superior court . . . to acquire an order by the court that the subject information be *expunged, modified, or supplemented* by the agency of record. The court shall conduct a de novo hearing and may order such relief as it finds *to be required by law. . . .* Should the record in question be found to be *inaccurate, incomplete, or misleading*, the court shall order it to be *appropriately expunged, modified, or supplemented by an explanatory notation.*

(Emphasis supplied.)

We conclude that, under the plain language of the statute, if a criminal record is inaccurate or incomplete or misleading, a superior court has three available remedies — expungement, modification, or

supplementation — so long as the court finds the remedy to be "required by law" and "appropriate."[1] See *Mansfield v. Pannell*, 261 Ga. 243, 244 (404 SE2d 104) (1991) (plain language of statute controls unless it produces absurdity). Similarly, the Attorney General has concluded that expungement is an available remedy when a superior court finds that a record is "inaccurate, incomplete, or misleading." 1982 Op. Atty. Gen. 82-8. No language in the statute limits the remedy of expungement to criminal records that are inaccurate, and the Court of Appeals erred by so holding. The only limitation on the superior court's ability to choose a remedy is that the remedy must be "appropriate" and "required by law."

2. Although the plain language of the statute grants a superior court the authority to consider the remedy of expungement for inaccurate, incomplete, or misleading records, the court's authority to choose that remedy is limited to cases in which it is "appropriate" and "required by law." We must, then, determine what constraints these words place on a superior court's ability to choose the remedy of expungement.

In interpreting this language, we must try to effectuate the intent of the legislature as discerned from the act as a whole. *City of Roswell v. City of Atlanta*, 261 Ga. 657 (410 SE2d 28) (1991); *Ford Motor Co. v. Carter*, 239 Ga. 657 (238 SE2d 361) (1977). In doing so, we conclude that expungement should be reserved for exceptional cases. Through the creation of the Georgia Crime Information Center (the "GCIC") for the purpose of maintaining and disseminating information on criminal records, OCGA §§ 35-3-30 to 35-3-40, the General Assembly has expressed a public policy favoring the maintenance and dissemination of such records. If a superior court could expunge a record in every case in which a record was inaccurate, incomplete, or misleading, many arrest records that the state has a vital interest in maintaining would be subject to expungement, thereby risking the defeat of the very purpose for which the General Assembly created the GCIC. Moreover, because expungement is the most drastic of the three available remedies, logically it should be the appropriate remedy only in the exceptional cases in which the remedies of modification or supplementation are inadequate to protect the interests of the individual. Finally, limiting expungement to such exceptional cases is consistent with the law regarding expungement in other jurisdictions. See *Police Commr. of Boston v. Municipal Ct.*, 374 NE2d 272, 280-286 (1978); *City of Pepper Pike v. Doe*, 421 NE2d 1303, 1306 (Ohio 1981); *United States v. Smith*, 940 F2d 395 (9th Cir. 1991); 97 ALR

---

[1] We interpret an "appropriate" remedy to be one "required by law," and accordingly use the terms "appropriate" and "required by law" interchangeably in this opinion.

Fed 652 (1990), Expunction of Federal Arrest Records in Absence of Conviction.

The question then is what is an exceptional case warranting expungement. We conclude, as have courts in other jurisdictions, that in making this determination a superior court should balance the competing interests involved, namely those of the state in maintaining extensive arrest records to aid in effective law enforcement and those of the individual in being free from the harm that may be caused from the existence of those records. Only when this balancing test weighs in the individual's favor may a court expunge an arrest record. See *Police Commr.*, supra, 374 NE2d at 280-286; *City of Pepper Pike*, supra, 421 NE2d at 1306; *Smith*, supra, 940 F2d; 97 ALR Fed 652 (1990). Moreover, because potential harm to individuals is the natural consequence of the maintenance and dissemination of criminal records by the GCIC, the balancing test should not be tipped in the defendant's favor solely on the basis of the potential harm that could accrue to a defendant in any given case. Instead, special factors must exist that either diminish the state's interest in maintaining the records or heighten the impact of the existence of those records on the defendant and thus warrant expungement. See *Police Commr.*, supra, 374 NE2d at 280-285; *Smith*, supra, 940 F2d at 396; *City of Pepper Pike*, supra, 421 NE2d at 1306. For instance, if an arrest results from any illegality or misconduct on the part of the police, *Police Commr.*, supra, 374 NE2d at 281-282, the arrest record may not be indicative of the individual's criminal propensity and the maintenance of that record may therefore be of little value to law enforcement, id. at 282. Accord *City of Pepper Pike*, 421 NE2d at 1306. Furthermore, as the

> apparent utility of the records decreases, there is a concomitant increase in the [defendant's] interest in being insulated from the possible adverse consequences of the existence and dissemination of the records.

*Police Commr.*, supra, 374 NE2d at 284. This test is essentially the type of balancing of equities that a superior court performs on a daily basis, and a superior court's decision on expungement will not be disturbed on appeal unless there has been an abuse of discretion, *United States v. Friesen*, 853 F2d 816, 818 (10th Cir. 1988).

3. We will now examine whether expungement was appropriate in this case. Meinken contends, first, that expungement was an appropriate remedy solely because his record was incomplete and misleading due to the fact that it did not reflect the final disposition of his case. We disagree. The fact that the arrest record did not reflect that Meinken was acquitted by operation of law does not constitute an

exceptional circumstance warranting the remedy of expungement instead of modification or supplementation.

Meinken also contends that his arrest record should be expunged because the police videotape amounts to a violation of justice, involving the police literally telling his three-year-old daughter that her father molested her. Meinken further notes that, at the hearing on the motion to supplement the record on appeal, the trial court stated that it had considered the suggestive and leading nature of the videotape in issuing the order of expungement. This concern about the videotape raises the type of special circumstance that might warrant expungement, in that it places in doubt whether there was any foundation whatsoever for Meinken's arrest and thereby may tend to diminish the interest of the state in maintaining the arrest record and to heighten Meinken's interest in having the record expunged.

However, because the trial court's order specified that it ordered expungement solely on the ground that Meinken's record did not reflect the final disposition of his case, and because the record does not show that the trial court adequately considered the allegations concerning the videotape in the context of the balancing test we set forth today, we conclude that this case must be remanded to the trial court for it to apply that test to the facts of this case.

*Judgment reversed. Clarke, C. J., Benham and Fletcher, JJ., concur; Hunt, P. J., concurs in the judgment only; Hunstein, J., and Judge Frank C. Mills III dissent.*

HUNSTEIN, Justice, dissenting.

Gary Meinken's criminal record accurately reflects that he was arrested and charged with two counts of molesting his three-year-old daughter. Meinken's record fails to reflect that he was subsequently acquitted, an incompleteness which is subject to remedy under OCGA § 35-3-37 (c) by the supplementation of his record. However, although even the majority recognizes that expunction is not an appropriate remedy for an incomplete record, expunction is what Meinken seeks, on the basis that notwithstanding that the *fact* of his arrest is accurate, the *reason* for his arrest was the result of alleged impropriety by a police officer in leading Kelly Meinken into naming her father as her molester. Hence, Meinken claims his criminal record should be expunged pursuant to OCGA § 35-3-37 (c) because he would not even have a criminal arrest record but for the alleged impropriety. The majority, citing foreign authorities to support extending OCGA § 35-3-37 (c) far beyond its plain language, holds that remand to the trial court is necessary in order for the court to determine whether "there was any foundation whatsoever for Meinken's arrest."

I disagree.

The question whether there was "any foundation whatsoever for

Meinken's arrest" undoubtedly was considered by the magistrate judge who conducted Meinken's pre-indictment probable cause hearing yet nevertheless bound Meinken's case over; obviously the grand jury did not decline to return an indictment in two counts against Meinken because the State failed to show "any foundation whatsoever"; it goes without saying that the trial court had the authority to grant a motion to dismiss the State's case against Meinken on the basis that there was no probable cause to support the child molestation charges and thus no foundation whatsoever for Meinken's arrest.[2] The record is uncontroverted that this alleged lack of probable cause, which Meinken now asserts demands the expunction of his arrest record, had nothing whatsoever to do with Meinken's acquittal on the child molestation charges: Meinken was acquitted only because three-year-old Kelly Meinken was unable to talk about the alleged molestation within the months following Meinken's demand for a speedy trial.

This is not the case to determine whether a factually "accurate" record can be deemed "inaccurate" requiring expunction pursuant to OCGA § 35-3-37 (c) because of constitutional violations or misconduct by police or prosecution. This is not the case to veer into foreign jurisdictions for balancing tests and special factors to extend the plain language of Georgia statutes. After a hearing before the magistrate court, after the grand jury's deliberation, and after two terms with Meinken's case pending before a superior court judge, this is not a case to remand to the trial court for a determination "whether there was any foundation whatsoever for Meinken's arrest." This case requires only the reversal of the trial court's order of expunction with the direction to supplement Meinken's record with the information regarding his acquittal. Because the majority fails to take the action required in this appeal, I dissent.

MILLS, Judge, dissenting.

I respectfully dissent. I would adopt entirely the analysis and opinion of Judge Carley wherein the Court of Appeals reversed the trial court in *Burgess v. Meinken,* 204 Ga. App. 600 (420 SE2d 329) (1992).

The undisputed pertinent facts are that the appellant was arrested, indicted and was acquitted. The records sought by appellant to be expunged did not reflect the acquittal.

In a de novo hearing under OCGA § 35-3-37 (c), the trial judge

---

[2] The record reflects that although Meinken did file a motion to dismiss, referencing the very videotape he now alleges shows improper leading by the police officer, the sole ground asserted in that motion was that the videotape showed that Kelly Meinken was incompetent to testify at trial.

found "the arrest record is inaccurate and misleading in that it does not reflect the disposition of this case." The trial court ordered the record to be expunged.

Expungement, in some cases, may be an appropriate remedy where the record is indeed "inaccurate"; however in this case there is no evidence of incorrect name, incorrect charge, nor any other erroneous data contained in appellant's record. The only evidence, indeed the trial court's very finding, reveals that appellant's record merely fails to "reflect the disposition" of the case. This is not an "inaccurate" record but rather an "incomplete" record for which the appropriate remedy would be supplementation.[3] To hold otherwise would render meaningless the word "incomplete" in OCGA § 35-3-37.[4]

Even where a record is erroneous and therefore "inaccurate" in some respects, e.g., wrong birth date, inappropriate alias, or wrong name because of use of a borrowed I.D., the appropriate remedy often would not be expungement, but rather modification.

Clearly the discretion of the trial court in such issues is not, nor should it be, unbridled. The General Assembly has given adequate guidelines within which to gauge where discretion has been abused by specifying that the court "may order such relief as it finds to be *required by law*," and by requiring "inaccurate, incomplete or misleading . . ." records to be "*appropriately* expunged, modified, or supplemented by an explanatory notation." (Emphasis supplied.) OCGA § 35-3-37 (c).

Otherwise the possibilities are endless. If expungement is appropriate for the "inaccuracy" of omitting an acquittal by operation of law, it might equally be "appropriate" for jury trial acquittals or even First Offender "acquittals."

In *State of Ga. v. C. S. B.,* 250 Ga. 261 (297 SE2d 260) (1982), the trial judge who had ordered expungement of that appellant's First Offender records was reversed by unanimous decision of this court. The reversal was for, among other reasons, the very practical one that to do so would render unenforceable the First Offender Act prohibition on availing oneself of First Offender treatment more than once. Code

---

[3] The term "inaccurate" appears to be one of common parlance having no separate legal definition. The negative "inaccurate" is defined in terms of the positive "accurate" which means generally "free from error . . . free of defect . . . conforming exactly to the truth to a standard . . . consistent with a standard rule or model . . . precise . . . exact." Webster's Ninth New Collegiate Dictionary; and The Random House Dictionary of the English Language, 2nd ed. While arguably "inaccurate" could include "incomplete," it should not be so construed where the word "incomplete" also appears in the same clause of the same statute.

[4] OCGA § 35-3-37 (c):
The court shall conduct a de novo hearing and may order such relief as it finds to be required by law. . . . Should the record in question be found to be inaccurate, *incomplete,* or misleading, the court shall order it to be appropriately expunged, modified, or supplemented by an explanatory notation. (Emphasis supplied.)

Ann. § 27-2727, subsequently amended and now OCGA § 42-8-60 (b). Clearly, First Offender "acquittals" may not be expunged.

If expungement is "appropriate" for acquittals, then why not for dismissed warrants or nolle prossed[5] indictments by reason of innocence? Indeed, why not those dismissed or nolle prossed or dead docketed because of a deal to implicate another defendant?

And if appellant's records are expunged, why not those of everyone whose case has resulted in an acquittal of any kind, or a dismissed warrant, a nolle prossed or dead docketed indictment? Surely the parameters of discretion if they be so broad when viewed with "equal protection" would not allow a judge to expunge for some and not for others, equally deserving.

The Majority recognizes this problem and seeks to solve it by creation of a balancing test in Division 2. The Majority suggests

> a superior court should balance the competing interests involved, namely those of the state in maintaining extensive arrest records to aid in effective law enforcement and those of the individual in being free from the harm that may be caused from the existence of those records. . . .

Id. at p. 866. Unfortunately, such a test is entirely generic and offers very little help in gauging individual cases.

The interest of the state in maintaining records is statutory. It relates not only to effective law enforcement, but also, among other things, to investigatory decisions in adoptions under OCGA § 19-8-16 (a) and licensing and hiring investigations and decisions in the day care and youth supervision fields. OCGA § 49-5-60 et seq. and § 49-5-110 et seq. Surely decisions to hire, fire, license and prosecute should not be made on the basis of a mere arrest record. But a decision to make a follow up investigation based on an arrest record can be vital, which the General Assembly has recognized. The state's interest should not vary by the person nor by the seriousness of the offense, except as fixed by statute.

The interests of an arrested person will also be relatively the same; that is that all arrested persons would naturally prefer expungement as such records, whether one is innocent or guilty, are undesirable and may cause harm. Nevertheless, they are not public records, and their use is strictly regulated. OCGA §§ 35-3-8; 31-7-260. It is difficult to see wherein these interests will vary on either side of the equation so as to enable the balancing function.

Having recognized that expungement is appropriate only in "exceptional cases" the majority now would remand for a further finding

---

[5] But see *Drake v. State,* 170 Ga. App. 846 (318 SE2d 721) (1984).

of fact within parameters that are difficult to ascertain. There appears to be a suggestion that "concern" about a suggestive or leading police procedure on a videotape might be sufficient to warrant expungement. This would hardly be an exceptional case in that concern about leading must be a problem in many cases with child witnesses. More importantly, inevitably there must be some weakness worthy of concern in almost every criminal case that does not lead to conviction. This would further establish a standard so easy to meet as to encourage such a motion in almost any case wherein a conviction is not obtained and the interested party has the means with which to file such an action. It would appear that we are encouraging "mini-trials" of cases already abandoned by the prosecution where the interests of the arrested persons may be great and well represented, and where that of the agencies, and therefore those of the state, may not be presented at all.

All of this is overly academic and unnecessary. The emphasis in interpreting the statute should be on the word "appropriate." I do not necessarily dissent from Division 1 of the majority opinion but merely find it difficult to imagine a set of circumstances wherein expungement would be the appropriate remedy for "incompleteness" and find such an exercise in unlikely hypotheticals to be unnecessary because I would affirm without reaching that issue. The decision of the trial judge that the record was "inaccurate" is not supported by the evidence nor the trial judge's finding of fact. Furthermore the decision that expungement was an "appropriate" remedy is clearly erroneous where the record can so readily and demonstrably be rendered accurate, complete and not misleading by merely directing that the record reflect the acquittal.

If we are committed to such an interpretation, however, the standard should be ascertainable. I would suggest that it be "circumstances under which the court finds that the remedy of modification or supplementation would still leave the record 'inaccurate or misleading.'" This would seem to be more in keeping with the language of Division 2 wherein the majority finds that

> expungement is the most drastic of the three available remedies . . . appropriate . . . only in the exceptional cases in which the remedies of modification or supplementation are inadequate to protect the interest of the individual.

As it is, we are creating a precedent which may cause the GCIC crime reporting system to be less than uniform contrary to OCGA § 35-3-33 (3). The system may be expunged so that it includes little more than records of those who have been convicted, those who have been acquitted as First Offenders (see *State of Ga. v. C. S. B.*, supra) and

indigents.

DECIDED MARCH 15, 1993.

Glenn Zell, Rodney Zell, for appellant.
Robert E. Wilson, District Attorney, Barbara B. Conroy, J. Thomas Morgan III, Assistant District Attorneys, for appellees.