## A00A1805. PATRICK v. THE STATE.
### (544 SE2d 194)

PHIPPS, Judge.

Kyle Patrick was convicted of theft by receiving a stolen automobile (Count 1) and fleeing or attempting to elude a police officer (Count 2). He was sentenced to serve concurrent terms of six years for Count 1 and twelve months for Count 2. He appeals his conviction and sentence and the denial of his motion for new trial. Patrick claims that the trial court erred by refusing to allow him to present evidence to rebut the similar transaction evidence presented by the State. Because Patrick failed to make an adequate proffer of the evidence he sought to present, we affirm.

On April 16, 1999, the State filed and served a notice of its intent to present similar transaction evidence. On May 3, 1999, before Patrick's trial began, the trial judge conducted a hearing outside the presence of the jury to determine if the similar transaction evidence should be admitted. The judge permitted the State to present evidence of two similar transactions where Patrick had pled guilty to theft by receiving a stolen automobile, but only for the purpose of showing Patrick's identity, intent, course of conduct and state of mind.

Patrick claims that he was improperly precluded from introducing testimony from his mother that would have rebutted the similar transaction evidence. On direct examination at trial, his mother, Angela Patrick, testified as follows:

PATRICK'S COUNSEL: Your son had been in trouble before?
ANGELA PATRICK: Yes.
PATRICK'S COUNSEL: Okay. And he'd been in trouble concerning cars before?
ANGELA PATRICK: Yes.
PATRICK'S COUNSEL: Okay. And do you recall the last incident involving cars, the circumstances surrounding his arrest?
ANGELA PATRICK: Yes.
PATRICK'S COUNSEL: Okay. Briefly describe those to the court.
ANGELA PATRICK: I went to work early that morning. It

was in November. I got home that evening as normal. It got later, and my son never showed up at home. I got worried. It got later and later, and he never showed up, never called. Because of past trouble, I decided to start checking around, calling his friends, calling — and I decided to call DeKalb Police. They told me that my son was at Grady Hospital.

STATE'S COUNSEL: Your Honor, I object to anything somebody else may have told her.

THE COURT: I sustain the objection.

PATRICK'S COUNSEL: Just testify as to what you recall, not what someone else told you.

ANGELA PATRICK: I started calling around —.

PATRICK'S COUNSEL: Okay.

ANGELA PATRICK: Trying to find my son. I found out later he was in Grady Hospital —.

PATRICK'S COUNSEL: Okay.

ANGELA PATRICK: In intensive care.

PATRICK'S COUNSEL: Okay. Now, prior to him being in this incident, had you received any phone calls from any of his friends or associates?

ANGELA PATRICK: Not prior.

PATRICK'S COUNSEL: Okay. But after he was in the incident?

STATE'S COUNSEL: Your honor, I object to anything any friends may have told her after this happened. It's hearsay and it's not relevant.

THE COURT: I sustain the objection.

PATRICK'S COUNSEL: Just testify as to what happened, Ms. Patrick, not as to what someone told you. Did you receive a phone call?

ANGELA PATRICK: Yes, I did.

PATRICK'S COUNSEL: Okay. And what was the nature of the phone call?

STATE'S COUNSEL: Your honor, I object. She can't testify about a phone call. It doesn't have anything to do about the circumstances that deal with this case. It doesn't — the evidence has already shown he's entered a plea of guilty to that charge. And I would object to it.

THE COURT: I sustain.

PATRICK'S COUNSEL: Your honor —.

THE COURT: I sustained the objection. You may ask her if she received a phone call and what, if anything, she did in response to that phone call. You may ask that question, but she can't go into the phone call itself.

STATE'S COUNSEL: Judge, if I may, the purpose of this

cannot be to go back and change the fact that he entered a plea of guilty —.

PATRICK'S COUNSEL: Your honor, we're not —.

STATE'S COUNSEL: Back in 1997.

THE COURT: I understand.

STATE'S COUNSEL: It has no relevance to what we're dealing with here.

PATRICK'S COUNSEL: Well, your honor, the fact of the matter is they're similar transactions that have been entered, and we'd like to be heard on the reason why this young man did enter that, not anything further than that.

THE COURT: I will not allow questions as to the reason. The record will speak for itself.

At that point, Patrick's counsel asked Ms. Patrick a few questions unrelated to the above exchange and concluded the examination.

To afford a basis upon which to assert an error regarding testimony sought to be introduced on direct examination, "it must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party."[1] A proffer is inadequate unless it informs the trial court, at the time the questions were propounded, what answers were expected.[2] If the record does not show what testimony the witness was expected to give, the judgment will not be reversed.[3]

Here, the extent of Patrick's proffer was a statement from his counsel that he wanted to be heard about why Patrick entered guilty pleas in the prior cases. He did not inform the court how Angela Patrick would testify or seek to demonstrate that her testimony would be admissible. Because the proffer was inadequate, Patrick's claim presents nothing for review.[4]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 8, 2001.

*Peter M. Zeliff,* for appellant.

---

[1] (Citations omitted.) *Stancil v. State,* 155 Ga. App. 731, 733 (3) (272 SE2d 511) (1980).

[2] Id.; see also *Dent v. State,* 220 Ga. App. 147, 149 (3) (469 SE2d 311) (1996) (proffer must be definite so that both courts can know whether the evidence really exists).

[3] *Thrasher v. State,* 197 Ga. App. 593, 595 (2) (398 SE2d 850) (1990).

[4] See id.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.