**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 11, 2020**

# In the Court of Appeals of Georgia

A19A2378. DOE v. THE STATE.

DILLARD, Presiding Judge.

John Doe appeals from the denial of his motion to seal arrest records of the Clerk of the Superior Court of DeKalb County. Specifically, Doe contends that the trial court erred in denying his motion when (1) the undisputed evidence shows that the harm to him clearly outweighed public interest in access to his records of acquittal, (2) it failed to properly apply the statutory balancing test under OCGA § 35-3-37 (m), and (3) policy considerations further support the evidence presented to the trial court. For the reasons set forth *infra*, we affirm.

The record shows that, following a trial by jury in 2002, Doe was acquitted of aggravated assault with intent to rape and three counts of child molestation. Thereafter, in 2018, Doe filed a motion to seal the records of the clerk of court under

OCGA § 35-3-37 (m). In doing so, he asserted that the DeKalb County District Attorney previously approved his record restriction application and, thus, the Georgia Crime Information Center (GCIC) restricted the record of his arrest for the offenses at issue. Nevertheless, records for the arrest were still publicly available at the DeKalb County Superior Court Clerk's Office and online. As a result, Doe claimed that because his "potential employers are likely to conduct a criminal background check," there was a reduced likelihood that "a potential employer will offer [him] meaningful employment in the future."

Doe further explained that he had "already been denied employment based on his criminal history" and "not been able to find work in his field" due to the records at issue, and he attached an affidavit swearing to same. More specifically, Doe noted that even though he was a trained auto mechanic, he had not been able to secure employment in that field due to these records. Instead, Doe claimed that he was relegated to working as a landscaper, which was unstable employment that left him and his family living paycheck to paycheck. He also expressed a desire to return to school and acquire the appropriate license to become a truck driver. But before doing so, and making such an investment, he wanted to clean up his record to ensure that

2

he would have employment opportunities. Accordingly, he requested that the criminal history information related to the charges for which he was acquitted be sealed.

Following two hearings on the matter, the trial court denied Doe's motion, concluding that he had not shown by a preponderance of the evidence that the public availability of his records resulted in harm to his privacy that clearly outweighed the public's interest in the criminal history record information being available. This appeal follows.

1. Doe argues that the trial court erred in denying his motion when undisputed evidence shows that the harm to his privacy clearly outweighed the public's interest in access to the records of his arrest. We disagree.

At the conclusion of the first hearing, the trial court withheld ruling upon Doe's motion and continued the proceedings by scheduling a future hearing, at which it invited Doe to provide documentation to support his contention that he had been denied employment due to a felony arrest appearing on his record. During the first hearing, Doe's counsel asserted that his client was available to testify that he had been denied employment for that reason, though he did *not* say that Doe would testify in greater detail or specificity than the statements contained in his affidavit. As a result, the trial court appears to have dismissed the proffer of Doe's testimony

3

because it was "sure he will tell me exactly what [counsel] just said." Instead, the court indicated that it wished to see documentary evidence substantiating Doe's claims. Then, at the second hearing, Doe's counsel informed the trial court that his client still did not have any supporting documentation and proceeded on the record as it then existed. Thereafter, the court issued its order denying the motion.

In considering Doe's claim, we begin with the text of the relevant statute, OCGA § 35-3-37 (m) (1), which provides:

> For criminal history record information maintained by the clerk of court, an individual who has a record restricted pursuant to this Code section may petition the court with original jurisdiction over the charges in the county where the clerk of court is located for an order to seal all criminal history record information maintained by the clerk of court for such individual's charge. Notice of such petition shall be sent to the clerk of court and the prosecuting attorney. A notice sent by registered or certified mail or statutory overnight delivery shall be sufficient notice.

It is undisputed that Doe complied with these procedures, but the parties disagree as to whether Doe met his burden of showing that his criminal history record information should be restricted under the balancing test delineated by OCGA § 35-3-37 (m) (2):

4

The court shall order all criminal history record information in the custody of the clerk of court, including within any index, to be restricted and unavailable to the public if the court finds by a preponderance of the evidence that:

(A) The criminal history record information has been restricted pursuant to this Code section; and

(B) The harm otherwise resulting to the privacy of the individual clearly outweighs the public interest in the criminal history record information being publicly available.[1]

Although it undisputed that Doe met the requirements of OCGA § 35-3-37 (m) (2) (A), because the GCIC had already restricted the record of his arrest for the offenses at issue, he still needed to show by a preponderance of the evidence—under (m) (2) (B)—that the harm resulting to his privacy clearly outweighed the public's interest in the availability of the records in order for the trial court to order their restriction.[2] And to satisfy the preponderance-of-the-evidence standard, Doe was

---

[1] OCGA § 35-3-37 (m) (2) (A)-(B).

[2] *See Ledbetter v. State*, 349 Ga. App. 154, 163 (3) (825 SE2d 530) (2019) (explaining that "the trial court must only order the clerk of court to restrict those records if the court also finds that the harm otherwise resulting to the privacy of the individual clearly outweighs the public interest in the criminal history record information being publicly available" (punctuation omitted)); *Doe v. State*, 347 Ga.

required to demonstrate that the "superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other."[3]

Here, the record shows that Doe provided no *detailed* or *specific* information as to the impact his arrest record had on his ability to acquire employment as an auto mechanic—*e.g.*, no dates of his search for employment and no names and addresses of companies to which he had applied. Instead, Doe broadly and vaguely asserted by way of an affidavit that he was "denied many [auto-mechanic] jobs due to [his] record" and that he was hindered in supporting his family "by [his] record" because "the only work [he is] able to get is lawn maintenance and landscaping."

App. 246, 253 (4) (819 SE2d 58) (2018) ("[U]pon petition by a person whose criminal history has been restricted, the trial court shall order all criminal history record information in the custody of the clerk of court to be sealed and unavailable to the public if the court finds by a preponderance of the evidence that the harm otherwise resulting to the privacy of the petitioner clearly outweighs the public interest in the criminal history record information being publicly available." (punctuation omitted)).

[3] *Coxwell v. Coxwell*, 296 Ga. 311, 314 (2) (765 SE2d 320) (2014) (punctuation omitted).

And while it is true that Doe did not testify, the blame for this cannot lie solely with the trial court, which obviously dismissed the proffer of testimony because Doe's counsel never indicated that his client would testify in greater detail than the vague statements already contained in the affidavit.[4] Nor did counsel ask that Doe be permitted to testify at the second hearing or proffer any additional details.[5] Finally, Doe did not submit a new or amended affidavit prior to the second hearing so as to

---

[4] *See State v. Warren*, 338 Ga. App. 849, 852 (1) (792 SE2d 116) (2016) ("A judgment will not be reversed on the basis that the trial court refused to allow a witness to testify where the record does not show what testimony the witness was expected to give." (punctuation omitted)); *Patrick v. State*, 247 Ga. App. 495, 496 (544 SE2d 194) (2001) ("A proffer is inadequate unless it informs the trial court, at the time the questions were propounded, what answers were expected. If the record does not show what testimony the witness was expected to give, the judgment will not be reversed." (footnote omitted)); *Dent v. State*, 220 Ga. App. 147, 148 (3) (469 SE2d 311) (1996) ("[When] the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or *offer of a definite sort* that both courts can know whether the witnesses really exist and that the evidence really exists." (punctuation omitted) (emphasis supplied)).

[5] *See Graybill v. Attaway Constr. & Assoc., LLC*, 341 Ga. App. 805, 808 (1) (802 SE2d 91) (2017) ("No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further." (punctuation omitted)); *Capes v. Bretz*, 195 Ga. App. 467, 469 (2) (393 SE2d 702) (1990) (same).

provide specific details about his alleged efforts to acquire employment as an auto mechanic.[6]

Here, setting aside any lack of supporting documentation from potential employers,[7] which the trial court apparently required, Doe's vague and conclusory

---

[6] *Cf. Doe*, 347 Ga. App. at 249 & n.10 (explaining that a renewed petition to seal criminal record was "supported by new testimonials and affidavits," and one such affidavit was "by a former Director of Legal Services of the Georgia Bureau of Investigation who opined that 'there is no public interest or law enforcement purpose served in continuing to make Doe's court file accessible to the public' and '[k]eeping Doe's court file public where his other criminal history information has already been restricted results in even greater harm to his privacy and serves little purpose to the public'" (punctuation omitted)); *id.* at 257-58 (Bethel, J., concurring fully & specially) ("Doe presented considerable evidence regarding his privacy interest in restricting access to these records as well as the minimal public interest in maintaining public access to his criminal record in light of other restrictions already imposed by GCIC.").

[7] Although the trial court repeatedly emphasized its desire for letters or other documentation from the employers who allegedly denied Doe jobs due to his criminal history record, we do not agree that such documentation is required given that this type of documentation is not always provided to job candidates. Nevertheless, Doe failed to provide sufficient detailed information by other means available to him and, for this reason, did not meet his burden of proof. And arguably, by failing to provide more detailed information, Doe deprived the State of its ability to *rebut* his evidence. *Cf. Doe*, 347 Ga. App. at 256 (4) (majority) ("Notably, the State offered no evidence in opposition to Doe's petition and did not even present argument regarding the public's interest in access to Doe's criminal history record in particular, but simply argued in favor of transparency in general and against the 'slippery slope' of complying with OCGA § 35-3-37 (m) (2013)."); *id.* at 258 (Bethel, J.) ("[T]he State presented no evidence in opposition to Doe's motion and only offered the trial court what amounted to policy-oriented arguments regarding the potential dangers of

affidavit was the *only* evidence he submitted, and it lacked sufficient detail and specificity to meet the burden of showing by a preponderance of the evidence that his privacy interests *clearly outweighed* the public's interest in the records.[8] Accordingly, we cannot say that the trial court abused its discretion in denying Doe's motion.[9]

---

granting motions like Doe's. Such arguments are not evidence, and the trial court erred to the extent it relied on such arguments in making its ruling." (emphasis omitted)).

[8] *See Overby v. State*, 315 Ga. App. 735, 738-39 (728 SE2d 278) (2012) (holding that vague testimony was insufficient to meet preponderance of the evidence standard of proof); *Anderson v. State*, 212 Ga. App. 329, 330 (442 SE2d 268) (1994) ("There was 'slight' evidence that defendant committed the alleged violation; but there was not a 'preponderance' of evidence."); *see also In re Nora*, 581 BR 870, 879 (1) (USBC D Minn. 2018) (explaining, in the context of tax matter using the preponderance of the evidence standard, that "[a] court is not required to accept the testimony of a witness at face value if the testimony is implausible or not credible in view of the totality of the surrounding circumstances" and "[v]ague and conclusory testimony by a taxpayer that is obviously provided with a self-serving motive is not credible evidence sufficient to shift the burden of proof"). *Cf. Congress Street Props., LLC v. Garibaldi's, Inc.*, 314 Ga. App. 143, 146 (723 SE2d 463) (2012) (explaining that because one party satisfied its burden under the preponderance of the evidence standard, only then did the burden shift to the other party to rebut the evidence).

[9] *See Doe*, 347 Ga. App. at 256-57 (5) (majority) ("As to the sufficiency of the evidence, this is a court for the correction of errors, and ordinarily it is within this Court's purview to review such a determination for legal error once made by the trial court, not to make the determination in the first place."); *id.* at 257 (Bethel, J.) (explaining that when reviewing a trial court's decision on a motion made under OCGA § 35-3-37 (m), "because the trial court is in a superior position to judge the credibility of the witnesses and evidence before it, we uphold its findings unless they constitute an abuse of discretion"); *Yeary v. Bell*, 228 Ga. App. 522, 524 (2) (492

9

2. Next, Doe argues that the trial court abused its discretion by failing to properly apply the statutory balancing test under OCGA § 35-3-37 (m) and, thus, asks that we remand this case back to the trial court. More specifically, Doe maintains that the trial court erred by (1) refusing to allow him to testify, (2) refusing to consider anything other than documentary evidence, (3) failing to conclude that the public interest in an acquittal was outweighed by Doe's "direct evidence of harm," and (4) employing a double standard by ruling in the State's favor when it did not present evidence. But for the reasons already set forth in Division 1, *supra*, these arguments lack merit.

3. Finally, Doe argues that "policy considerations further support Doe's evidence that his unsealed record of acquittal has harmed his privacy interests." Once again, as to the sufficiency of the evidence, this is a court for the correction of errors, and "ordinarily it is within this Court's purview to review such a determination for

SE2d 278) (1997) ("[T]his Court resolves issues of legal error and evidence sufficiency. Thus, this Court will not disturb the inherent findings of the trial court regarding the weight and credibility of the affidavit[.]" (citation omitted)); *see also Meinken v. Burgess*, 262 Ga. 863, 866 (2) (426 SE2d 876) (1993) (explaining that, under prior law that dealt with expungement rather than restriction, "a superior court's decision on expungement will not be disturbed on appeal unless there has been an abuse of discretion"), *superseded by statute as explained in Doe*, 347 Ga. App. at 253-54 (4).

legal error once made by the trial court, not to make the determination in the first place."[10] And having considered the arguments and evidence that were before the trial court, we conclude that the court did not abuse its discretion in denying Doe's motion.

Accordingly, for all these reasons, we affirm.

*Judgment affirmed. Gobeil, J., concurs. Hodges, J., concurs fully and specially.*

---

[10] *See Doe*, 347 Ga. App. at 256-57 (5) (majority).

A19A2378. DOE v. THE STATE.

HODGES, Judge, concurring fully and specially.

I concur fully with the majority opinion. I write separately because I am sympathetic to the plight of individuals acquitted of crimes whose records subsequently hinder their ability to obtain gainful employment. I believe the result of this case was potentially avoidable, so I do not believe it should be interpreted in a manner so as to erode the important policy of criminal justice reform recently advanced by the General Assembly through its enactment of a broad range of statutes.

The majority opinion highlights the deficiencies in the proof submitted by the Appellant here. Although Appellant premises the harm he suffered on his inability to obtain work in his chosen profession, he did not identify even a single job for which he was rejected as a result of the accessibility of the criminal history record maintained by the DeKalb County Superior Court Clerk. This omission is particularly

striking in a case such as this, where the party seeking to seal records not only previously had a record of the at-issue arrest searchable through GCIC, but also had other arrests on his record at some point in the past. OCGA § 35-3-37 (m) specifically balances the harm suffered by an individual because of the accessibility of court records following GCIC record restriction with the public's right to the information. Stated otherwise, the harm suffered by Appellant as a result of a potential employer locating this arrest through a GCIC search prior to the restriction of his record is not the type of harm addressed by the statute. Even though he was given a second chance by the trial court to submit adequate evidence, Appellant failed to do so. Because the evidence submitted by Appellant is so vague as to render impossible our ability to determine if Appellant suffered the specific type of harm which OCGA § 35-3-37 (m) addresses, I cannot say that the trial court abused its discretion in denying Appellant's petition. Nothing in this opinion, however, should be read to prevent Appellant from filing a new petition pursuant to OCGA § 35-3-37 (m) which addresses the evidentiary deficiencies of the present petition.