73416. BLANKENSHIP v. HOME DEPOT, INC.
(356 SE2d 61)

McMURRAY, Presiding Judge.

Plaintiff Blankenship tendered a check in the amount of $52.45

for merchandise purchased at the retail store of The Home Depot, Inc. ("Home Depot"). The check was returned unpaid and Home Depot initiated criminal prosecution against plaintiff for violating OCGA § 16-9-20. The resulting prosecution was nol prossed. Thereafter, plaintiff sued Home Depot for maliciously causing a warrant to be issued for her arrest without probable cause. Home Depot answered, denying the material allegations of the complaint, and subsequently filed a motion for summary judgment. The trial court granted summary judgment in favor of Home Depot and plaintiff now appeals. *Held*:

"OCGA § 16-9-20 (h) provides in relevant part: 'Any party holding a worthless check or instrument and giving notice in substantially similar form to that provided in subparagraph (a) (2) (B) of this Code section shall be immune from civil liability for the giving of such notice and for proceeding as required under the forms of such notice . . .'" *Wilson v. Home Depot*, 180 Ga. App. 218, 219 (348 SE2d 588). In the case sub judice, it is not disputed that Home Depot sent plaintiff timely written notice substantially in the form provided in OCGA § 16-9-20 (a) (2) (B) and that plaintiff did not comply with that notice either as to time or amount. Consequently, Home Depot is immune from civil liability for proceeding against plaintiff for violating OCGA § 16-9-20.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED MARCH 30, 1987 — 

*William V. Hall, Jr.*, for appellant.
*Edward D. Buckley III*, for appellee.