## A94A1748. GRIFFIN-SPALDING COUNTY SCHOOL SYSTEM v. DANIEL.
(451 SE2d 480)

RUFFIN, Judge.

Plaintiff, Mary Frances Daniel, a kindergarten through fifth grade teacher, challenged her school principal's decision prohibiting teachers from leaving campus during their "duty-free" lunch period. The principal's decision was affirmed on Daniel's appeals to the superintendent of schools, the county board of education and the state board of education. Daniel appealed the decision of the state board to the Superior Court of Spalding County. The superior court reversed the state board's decision and this appeal followed by the Griffin-Spalding County School System (school system).

1. In its first enumeration of error, the school system asserts the superior court erred in reversing the decision of the state board of education. The state board concluded OCGA § 20-2-218 does not

grant K through 5 teachers the unrestricted ability to leave campus during their lunch period.

OCGA § 20-2-218 (a) provides in pertinent part that "[e]very teacher who is employed in grades K through 5 for a period of time of more than one-half of the class periods of the regular school day shall be provided a daily lunch period of not less than 30 consecutive minutes, and such employee *shall not be assigned any responsibilities* during this lunch period. . . . This duty-free lunch period shall not be calculated under any circumstances as a part of any daily planning period or other noninstructional time." (Emphasis supplied.) If necessary, in cases of "unforeseen and unavoidable personnel shortage[s], a local unit of administration may require a teacher otherwise entitled to a duty-free lunch period to supervise students during such lunch period but for no more than one day in any school week." OCGA § 20-2-218 (d). The superior court adopted Daniel's argument that the rule requiring her to remain on campus during her duty-free lunch period creates a "duty" to stay on campus and therefore violates the statute. We disagree.

We are required to look for the intent of the legislature and construe statutes to effectuate that intent giving all words their ordinary significance. *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1) (410 SE2d 28) (1991). It appears as though the legislature's intent was to insure teachers will be provided a period during the day when they will be free from assignment of any instructional, administrative or supervisory responsibilities. We find no indication the legislature intended to allow teachers to unconditionally leave campus during this period. To the contrary, in cases of unforeseen personnel shortages, teachers can be required to supervise students during their duty-free period. If a school experienced an unforeseen personnel shortage during the day, and all the teachers left campus during their "duty-free" period, no teachers would be available to supervise students during this time. Such a result was clearly not intended by the legislature. Since we believe the pertinent language only prohibits the assignment of instructional, administrative or supervisory responsibilities, a rule restricting teachers from leaving the school campus during this period is not in conflict with the statute.

2. Having determined the trial court erred in Division 1, it is not necessary to address the school system's remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 21, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994 —

*Beck, Owen & Murray, J. C. Owen, Jr.,* for appellant.

*Pamela V. Sloane, James D. Dunham,* for appellee.