A95A0869. GRAND UNION COMPANY v. EDWARDS.
(456 SE2d 736)

BLACKBURN, Judge.

Appellee/plaintiff, Diane Edwards, commenced this action against Grand Union Company f/k/a Big Star (Grand Union), to recover damages on the grounds that Grand Union had slandered her and wrongly and maliciously summoned certain arrest warrants against her alleging she had written and failed to honor four checks, and subjected her to severe emotional distress. The trial court denied Grand Union's motion for summary judgment and this interlocutory appeal followed.

The record shows that four checks, totaling $700, were cashed at a Grand Union store. The checks, drawn upon a Bank South account in Edwards' name and payable to her brother, Douglas Daniel, were returned to the store as written upon an account which Edwards had closed eight years earlier. In this regard, Edwards deposed that she had hidden the checks in a closet, accused her brother of stealing them, forging them, and negotiating them through a cashier in the store with whom he was friendly.

the jury in response to this question.

Grand Union twice sent Edwards notice by certified mail. The first such notice was returned to Grand Union unopened as non-deliverable. The second notice reached Edwards at a corrected address. Receiving no response in the ten days required by OCGA § 16-9-20, Grand Union caused an arrest warrant to be issued for Edwards' arrest. After its issuance, the manager of the store at which the checks had been cashed received a telephone call from James Hall, a man who identified himself as Edwards' former common-law husband. As Edwards listened in on another telephone while saying nothing, Hall explained that Edwards could not have issued the checks in question, as they had been stolen and forged. Edwards was later arrested; however, Grand Union voluntarily dropped the charges against Edwards at the preliminary hearing in light of Hall's explanation.

1. Grand Union argues that the trial court erred by denying its motion for summary judgment in that it was entitled to absolute immunity from civil liability under OCGA § 16-9-20 for giving notice of its holding a worthless check in a manner substantially in compliance with the form provided by subparagraph (a) (2) (B) thereof.

OCGA § 16-9-20 (h) (1) pertinently provides that "[a]ny party holding a worthless instrument and giving notice in substantially similar form to that provided in subparagraph (a) (2) (B) of this Code section *shall be immune from civil liability* for the giving of such notice and for proceeding as required under the forms of such notice." (Emphasis supplied.)

Initially, we note that Grand Union went beyond what was statutorily required in the instant circumstances because OCGA § 16-9-20 (h) (1) dispenses with any notice requirement where a bad check is written on a closed account. In an abundance of caution, Grand Union nonetheless noticed Edwards that it held specific checks drawn upon her account; that the checks had been returned as worthless; that Georgia law allowed her ten days from receipt of notice to tender payment thereon; and that failure to do so would authorize it to submit the checks and all other available information to a magistrate, district attorney, or solicitor for issuance of a criminal warrant or citation.

Only insofar as the notice did not advise Edwards that the failure to pay the specified amount within ten days would result in a presumption that the checks were presented for payment with the intent to defraud, did the notice given Edwards differ at all from that notice set out at subparagraph (a) (2) (B). We cannot fault such notice for other than strict compliance with the prescribed form. Edwards does not challenge its form as deficient. Inasmuch as "[w]e are required to look for the intent of the legislature and construe statutes to effectuate that intent giving all words their ordinary significance, [cit.]" *Griffin-Spalding County School System v. Daniel*, 215 Ga. App. 567,

568 (451 SE2d 480) (1994), we conclude that Grand Union is immune from civil liability for proceeding against Edwards.

2. Grand Union further argues that the trial court erred by denying its motion for summary judgment in that a party holding a worthless check who gives proper notice under OCGA § 16-9-20 is deemed to have conclusive evidence that it pursued collection action with probable cause and without malice.

"Except as otherwise provided by law, any party who holds a worthless instrument, who complies with the requirements of subsection (a) of this Code section, and who causes a criminal warrant or citation to be issued shall not forfeit his or her right to continue or pursue civil remedies authorized by law for the collection of the worthless instrument. *It shall be deemed conclusive evidence that any action is brought upon probable cause and without malice where such party holding a worthless instrument has complied with the provisions of subsection (a) of this Code section* regardless of whether the criminal charges are dismissed by a court due to payment in full of the face value of the instrument and applicable service charges subsequent to the date that affidavit for the warrant . . . is made." (Emphasis supplied.) OCGA § 16-9-20 (h) (2). As in Division 1, we are authorized to construe the law for no more than its plain meaning. *Griffin-Spalding*, supra. We have concluded that Edwards received appropriate notice in the instant circumstances. As a result, Grand Union pursued its OCGA § 16-9-20 collection action with probable cause and without malice.

In light of the foregoing, we conclude that the trial court erred by denying Grand Union's motion for summary judgment. See *Blankenship v. Home Depot*, 182 Ga. App. 358, 359 (356 SE2d 61) (1987); *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 30, 1995.

*Sullivan, Hall, Booth & Smith, Alexander H. Booth, Jeffrey T. Wise, Karl M. Braun,* for appellant.
*Scott F. Randolph,* for appellee.