## A05A1991. JENKINS v. BLUE MOON CYCLE, INC. et al.

(627 SE2d 440)

BARNES, Judge.

Acting pro se, Duane Allen Jenkins sued Blue Moon Cycle, Inc. and two of its employees, John Landstrom and Robert Reed, for false arrest, false imprisonment, and malicious prosecution.[1] The defendants answered, denying liability, and after conducting discovery, both sides moved for summary judgment. The trial court denied Jenkins' motion and granted the defendants' motion without explanation, and Jenkins appeals. We affirm the denial of summary judgment to Jenkins, but because the record establishes a jury question as to whether the defendants acted maliciously in having Jenkins arrested for a bad check he did not sign, we reverse the trial court's grant of summary judgment to the defendants on Jenkins' claims of false arrest and malicious prosecution. Finally, we affirm the trial court's grant of summary judgment to the defendants on Jenkins' claim for false imprisonment.

We note first that Jenkins' appellate brief does not conform to our rules, as he has not supported his factual representations with cites to the record and has otherwise not presented his enumerations of error properly. In considering Jenkins' brief, "we are guided by the general rule that pro se pleadings are held to less stringent standards than pleadings that are drafted by lawyers." (Citation and punctuation omitted.) *Hickey v. Kostas Chiropractic Clinics, P.A.*, 259 Ga. App. 222, 223 (576 SE2d 614) (2003). Therefore, although portions of Jenkins' brief do not comply strictly with our rules, we will nevertheless attempt to address the merits of his appeal. Further, the record is very small, and this court has been able to examine thoroughly all the evidence presented to the trial court on these cross-motions for summary judgment. That evidence consists of an affidavit from defendant Landstrom, who is Blue Moon Cycle's owner, Jenkins' deposition testimony, and the documents he identified in that deposition.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001). Further, when ruling on a motion for summary judgment, a court must give the opposing party

---

[1] Jenkins also sued BMW of North America, LLC, but later dismissed his claim against the company with prejudice.

the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

Viewed in this light, the evidence shows that Jenkins worked for Southern Regional Automotive Consumer Consultant Agency, Inc. His job was to locate vehicles for clients and facilitate their purchase, basically acting as a broker. In May 2002, Anthony Chapman contacted Jenkins about locating a BMW motorcycle, and Jenkins obtained competitive bids from three dealerships. He and Blue Moon Cycle agreed to a price and delivery date, and Jenkins and Chapman met on May 23, 2002 to sign papers and exchange funds. Chapman gave Jenkins $4,000 and a personal check payable to Southern Regional, then the two men went to the dealership, along with Southern Regional's president, Denise Smith. Smith wrote a company check for $8,180, which Jenkins gave to Blue Moon Cycle along with the cash, and Chapman left with the motorcycle.

Jenkins testified that Landstrom agreed to hold Southern Regional's check for five days to allow Chapman's check to clear. When the bank called Southern Regional the next day to say two checks had been presented for payment but funds were available to pay only one, Jenkins called Landstrom who said his secretary erred in depositing the check too early. On June 18, 2002, Landstrom sent a letter to Jenkins pursuant to OCGA § 16-9-20, directing him to pay the check or he would be arrested. Jenkins acknowledged receipt of the letter. On July 2, 2002, Blue Moon Cycle employee Reed subsequently signed an affidavit in support of an arrest warrant, claiming that Jenkins "did make, draw, and deliver" to the company a bad check.

Jenkins testified that he took a cashier's check for $8,213 to Blue Moon Cycle on July 3, 2002 at 9:30 a.m., but Landstrom wanted additional fees before releasing the warrant and delivering the title. Landstrom faxed him a notice an hour later stating that Jenkins had failed to tender the sum of $8,589 and stating that a warrant had been issued for his arrest due to his failure to tender payment.

Jenkins was arrested that afternoon, on July 3, 2002, while he was talking to a client whose business he lost as a consequence of the arrest. Southern Regional president Smith delivered a second check for $436 to Blue Moon Cycle the next morning, July 4, 2002. Jenkins' bond was reduced from $10,000 to $1,000 on July 4, 2002, and he was released from jail on July 8, 2002. The district attorney's office administratively dismissed the charges against Jenkins because the victim was not sure who wrote the check. The record contains a notice

to Jenkins from the district attorney's office that it would not prosecute him for deposit account fraud, as well as a "Warrant Disposition Memo — Internal Document" recommended by an assistant district attorney and approved by another attorney which states that the prosecutor was not interested in further prosecution because the victim wanted the case dismissed because "problems re who wrote the ck. V [sic] not sure."

1. The defendants argue that we must affirm the trial court's denial of summary judgment to Jenkins because he decided not to include in the record a transcript of the trial court's hearing on the motion for summary judgment. Failing to include an evidentiary transcript generally results in this court affirming the trial court, because we cannot review the evidence upon which the court based its ruling and thus must assume that evidence was sufficient. *Graham v. Haley*, 224 Ga. 498, 500 (3) (162 SE2d 346) (1968). In this case, however, the trial court did not hear evidence at the summary judgment motion hearing, noting in its order that it considered "all relevant matters of record and argument presented at a hearing on this motion." "Since the purpose of the hearing is not the reception of evidence, the transcript is not usually necessary in an appeal from the grant of a motion for summary judgment. See *Executrix of the Estate of Seamans v. True*, 247 Ga. 721, 723 (3) (279 SE2d 447) (1981)." *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 747 (1) (559 SE2d 450) (2002). Accordingly, the lack of a hearing transcript is not fatal to plaintiff's appeal in this case.

The defendants further argue that Jenkins does not set forth the grounds upon which he relied in his motion for summary judgment, but merely stated that there is "no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law as appears from the pleadings, depositions, admissions on file and the affidavits attached hereto." Absent the hearing transcript, we do not know what arguments Jenkins made on behalf of his motion, the defendants argue, and thus, we must affirm the trial court. There is some merit to this argument, and thus we conclude that the trial court did not err in denying Jenkins' motion for summary judgment.

We must still consider, however, whether the defendants presented a meritorious argument in prosecuting their motion for summary judgment, in which they argued that they acted with probable cause and without malice.

2. Jenkins claims that the trial court erred in granting summary judgment to the defendants on his claim of false imprisonment. He admitted in his deposition, however, that the warrant for his arrest was valid.

An action for false imprisonment will lie where a person is unlawfully detained under a void process, or under no process at all, and cannot be maintained where the process is valid, no matter how corrupt may be the motives of the person suing out the process or how unfounded the imprisonment may be. Where the arrest is by valid process regularly sued out, action for malicious prosecution is the only remedy.

(Citation and punctuation omitted.) *Joseph v. Home Depot*, 246 Ga. App. 868, 872 (3) (542 SE2d 618) (2000). Therefore the trial court did not err in granting summary judgment to the defendants on Jenkins' false imprisonment claim.

3. Jenkins further contends that the trial court erred in granting summary judgment to the defendants on his claim of malicious prosecution and false arrest. "To make out a claim of false arrest under OCGA § 51-7-1 or malicious prosecution under OCGA § 51-7-40, the plaintiff must show both the presence of malice and the absence of probable cause. [Cit.]" (Footnote omitted.) *Fleming v. U-Haul Co. of Ga.*, 246 Ga. App. 681, 682-683 (2) (541 SE2d 75) (2000). While these actions are not favored, in order to be protected from liability for malicious arrest or malicious prosecution, the prosecutor " 'must make a fair, full and complete statement of the facts as they exist. He is not relieved if he conceals facts, nor if he distorts facts, nor if he is negligent in ascertaining facts.' [Cit.]" Id. at 683. Here, the jury would be authorized to conclude that the defendants failed to make a full and fair presentation of the facts to the magistrate in obtaining an arrest warrant against Jenkins. While Reed's arrest warrant affidavit averred that Jenkins committed deposit account fraud because he "did make, draw, and deliver" an $8,180 check that was returned for insufficient funds, it is undisputed in this record that he did not sign the check that was subsequently dishonored. The defendants do not contend that they thought Jenkins signed the check that was subsequently dishonored, and the State declined to prosecute this action against Jenkins because the defendants were not sure who signed the check.

Further, the jury would be authorized to conclude that the defendants acted with malice.

Malice consists in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual injured. Malice may be inferred if defendant's acts were wanton or were done with a reckless disregard for or conscious indifference to the rights of the plaintiff. Malice sufficient to sustain a recovery may be

> inferred from the want of probable cause. If a reasonable person would have investigated to determine if probable cause existed prior to swearing out a warrant, then such failure to make an investigation may imply malice, as well as go to whether probable cause existed.

(Citations and punctuation omitted.) *Fleming v. U-Haul Co. of Ga.*, supra, 246 Ga. App. at 684 (3). In this case, a jury could infer malice by concluding that the defendants wantonly disregarded Jenkins' rights in swearing out an arrest warrant for a bad check that he did not sign. Additionally, it is undisputed that even after the defendants received a cashier's check for $8,213, they failed to prevent Jenkins' arrest that afternoon. Based on the record before us, the trial court's grant of the defendants' motion as to Jenkins' claim for false arrest or malicious prosecution was in error.

While Jenkins also contends that the trial court erred because the evidence showed that the defendants agreed to hold the check for five days before depositing it, that argument is not relevant because Jenkins did not write the check. Even if he had written the check, the 1989 Georgia legislature "drastically limited the circumstances under which a separate agreement made concerning a check may support a malicious prosecution action." *Hartsfield v. Union City Chrysler-Plymouth*, 218 Ga. App. 873, 876 (1) (463 SE2d 713) (1995). Evidence regarding such a separate agreement is only admissible if the agreement is written simultaneously with or upon the check when the maker delivers it, OCGA § 16-9-20 (h) (1), which was not the case here.

4. The defendants contend that they are immune from civil liability pursuant to OCGA § 16-9-20 (h) (1), which provides, "Any party holding a worthless instrument and giving notice in substantially similar form to that provided in subparagraph (a) (2) (B) of this Code section shall be immune from civil liability for the giving of such notice and for proceeding as required under the forms of such notice." Subsection (h) (2) further provides,

> It shall be deemed conclusive evidence that any action is brought upon probable cause and without malice where such party holding a worthless instrument has complied with the provisions of subsection (a) of this Code section regardless of whether the criminal charges are dismissed by a court due to payment in full of the face value of the instrument and applicable service charges subsequent to the date that affidavit for the warrant or citation is made.

The defendants argue that because they gave proper notice to Jenkins of their intent to prosecute him, as shown by his signature on the return receipt card, they are immune from civil liability. If that were true, a merchant would be immune from false arrest charges if it sent the notice to anyone who was subsequently arrested, regardless of whether that person wrote the bad check or not. In contrast, the definition of account fraud is that a person writes a bad check in exchange for present consideration. OCGA § 16-9-20 (a) (2) (A) requires that the notice be sent "to the person at the address printed on the instrument or given at the time of issuance," and further provides that the notice is received "as of the date on the return receipt" by the person writing the check. In this case, Jenkins not only did not sign the check, his name was not even imprinted on it, unlike the plaintiffs in *Grand Union Co. v. Edwards*, 217 Ga. App. 154 (456 SE2d 736) (1995), or *Blankenship v. Home Depot*, 182 Ga. App. 358, 359 (356 SE2d 61) (1987). Accordingly, the defendants in this case are not entitled to civil immunity pursuant to OCGA § 16-9-20 (h). *Joseph v. Home Depot*, supra, 246 Ga. App. 868.

*Judgment affirmed in part and reversed in part. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED FEBRUARY 23, 2006 — 

Duane A. Jenkins, *pro se.*
*William R. Youngblood,* for appellees.