## A06A1474. TANKS v. THE GREENS OWNERS ASSOCIATION, INC.

(635 SE2d 872)

MIKELL, Judge.

Appellant Nichelle Tanks filed a personal injury action against appellee The Greens Owners Association, Inc., on January 26, 2004. Appellee moved for summary judgment, and a hearing on this motion was held on September 13, 2004. Although a court reporter was present at this hearing, the hearing was not reported and no transcript of the hearing was made. The court granted appellee's motion for summary judgment without explanation by its order entered September 17, 2004, and Tanks appeals.

In order for the appellate court to determine whether the trial court erred in granting summary judgment, "the appellant must include in the record those items which will enable the appellate court to ascertain whether a genuine issue of material fact remains or, if the record establishes there is no such issue of fact, whether the moving party is entitled to judgment as a matter of law."[1] "It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm."[2]

If the trial court did not hear evidence at the summary judgment motion hearing, the lack of a transcript of that hearing might not be fatal to appellant's appeal.[3] Here, however, it is apparent from the record before us that Tanks presented evidence on this matter to the trial court at the hearing. Because Tanks failed to have the hearing transcribed, the record before us does not show some portion of the evidence upon which the trial court relied in granting appellee's motion for summary judgment, and we must affirm the trial court's decision.[4]

Tanks sought to have a narrative transcript of the unreported summary judgment hearing prepared from recollection, as permitted

---

[1] (Citations omitted.) *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981); accord *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 339 (1) (596 SE2d 648) (2004).

[2] (Citations omitted.) *Bennett v. Exec. Benefits*, 210 Ga. App. 429 (436 SE2d 544) (1993). Accord *Moulton v. Wood*, 265 Ga. App. 389 (593 SE2d 911) (2004).

[3] *Jenkins v. Blue Moon Cycle*, 277 Ga. App. 733, 735 (1) (627 SE2d 440) (2006) ("[s]ince the purpose of the hearing is not the reception of evidence, the transcript is not usually necessary in an appeal from the grant of a motion for summary judgment" (citations and punctuation omitted); nonetheless, denial of plaintiff's motion for summary judgment affirmed, because, "[a]bsent the hearing transcript, we do not know what arguments [plaintiff] made on behalf of his motion, . . . and thus we conclude that the trial court did not err in denying [plaintiff's] motion for summary judgment").

[4] *Regency Exec. Plaza Unit Owner's Assn. v. Wilmock, Inc.*, 237 Ga. App. 193, 195 (514 SE2d 446) (1999); *Bennett*, supra.

under OCGA § 5-6-41 (g), in circumstances where the transcript of the proceedings is not available. A transcript from recollection, however, requires the agreement of both parties.[5] Where, as here, the parties were unable to agree, the decision of the trial judge on the proposed narrative transcript from recollection "shall be final and not subject to review."[6] Following a hearing on February 7, 2005 (the "later hearing"), the trial judge denied Tanks's motion to include in the record a narrative transcript of the summary judgment hearing. We note that OCGA § 5-6-41 (g) provides that "if the trial judge is unable to recall what transpired, the judge shall enter an order stating that fact." Although the judge did not expressly state "that fact" in his order, both the transcript of the later hearing and the order entered subsequent thereto make it clear that the judge was "unable to recall what transpired."[7]

Further, the deficiencies in the record cannot now be supplied by reference to the transcript of this later hearing. The casual remarks of the judge at this later hearing cannot be upgraded to establish the evidence on which the judge relied at the earlier hearing. Absent the transcript of the summary judgment hearing, the ruling of the trial court granting summary judgment must be affirmed.[8]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED AUGUST 24, 2006.

*Sharon Smith-Knox*, for appellant.
*Hammond, Carter & DeNapoli, Anthony E. DeNapoli*, for appellee.

---

[5] OCGA § 5-6-41 (g).

[6] Id.

[7] See *King v. State*, 195 Ga. App. 353, 354 (1) (393 SE2d 709) (1990) (order denying transcript from recollection need not expressly state that judge is unable to recall earlier hearing, where this is clear from later proceedings and from the denial itself).

[8] *Brown*, supra; *Bennett*, supra.