S06G1136. BLUE MOON CYCLE, INC. et al. v. JENKINS.
(642 SE2d 637)

HUNSTEIN, Presiding Justice.

Duane Allen Jenkins, an employee of Southern Regional Automotive Consumer Consultant Agency, Inc. ("SRACCA"), arranged for one of the company's clients to purchase a motorcycle from Blue Moon Cycle, Inc. ("Blue Moon"). As part of this transaction, Jenkins gave Blue Moon's president, John E. Landstrom, a check for $8,180 on May 23, 2002. The check was written on SRACCA's account and signed by its president, Denise W. Smith; it was returned for insufficient funds. Blue Moon gave notice to Jenkins via certified letter that he had ten days from receipt of the letter to tender the amount due plus service charges, or face arrest and prosecution. The letter conformed to the format set forth in the deposit account fraud statute, OCGA § 16-9-20, and was received by Jenkins on June 20, 2002. When the total amount due had not been paid in full by July 2, 2002, Blue Moon employee Robert H. Reed swore out a warrant against Jenkins and Jenkins was arrested.

The charges were ultimately dismissed, and Jenkins sued Blue Moon, Landstrom and Reed (hereinafter "defendants") for false arrest, false imprisonment and malicious prosecution. The trial court granted summary judgment to defendants on all claims, but in *Jenkins v. Blue Moon Cycle, Inc.*, 277 Ga. App. 733 (627 SE2d 440) (2006), the Court of Appeals reversed as to the false arrest and malicious prosecution claims. We granted certiorari to consider the circumstances under which the deposit account fraud statute provides a defendant with immunity from civil liability in an action for false arrest and malicious prosecution. See OCGA § 16-9-20 (a), (h).

The offense of deposit account fraud occurs when one "makes, draws, utters, executes, or delivers" an instrument with the knowledge that it will not be honored. OCGA § 16-9-20 (a). Failure to tender the amount due, plus a service charge, within ten days of receiving written notice that payment was refused constitutes prima facie evidence of such knowledge. OCGA § 16-9-20 (a) (2). The holder of a worthless instrument who has given written notice in a form substantially similar to that provided in OCGA § 16-9-20 (a) (2) (B) is immune from civil liability for pursuing the arrest or prosecution of the person who "made, drew, uttered, executed, or delivered" the instrument. OCGA § 16-9-20 (h) (1).

Here, the Court of Appeals relied on its characterization of deposit account fraud as the *writing* of a bad check when it held that defendants were not entitled to immunity on Jenkins's false arrest and malicious prosecution claims because Jenkins did not sign the check. *Jenkins*, supra, 277 Ga. App. at 738. But this is in direct conflict with the statutory definition found in OCGA § 16-9-20 (a) and

noted above, pursuant to which the *delivering* of a check, knowing it will not be honored, also constitutes deposit account fraud. The Court of Appeals also relied on language in OCGA § 16-9-20 (a) (2) (A) requiring that notice be sent "to the person at the address printed on the instrument," *Jenkins*, supra, although this provision goes on to state that such notice is deemed received as of the date "on the return receipt by the person making, drawing, uttering, executing, or *delivering* the instrument." (Emphasis supplied.)

The fundamental rules of statutory construction require us "to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. [Cits.]" *Slakman v. Continental Casualty Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003). Given the multiple references within OCGA § 16-9-20 (a) and (h) to the making, drawing, uttering, executing, or delivering of an instrument, it cannot be said that the holder of a dishonored check is only entitled to immunity from civil liability under OCGA § 16-9-20 (h) when the action is brought by the person who signed that check.

There is no dispute that Jenkins delivered the check that was subsequently dishonored; thus, his actions fall within the ambit of the deposit account fraud statute. Because defendants complied with the notice requirements of OCGA § 16-9-20 (a) (2), they are entitled to immunity on Jenkins's false arrest and malicious prosecution claims pursuant to OCGA § 16-9-20 (h), and the Court of Appeals erred by holding otherwise.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007 —
RECONSIDERATION DENIED APRIL 10, 2007.

*William R. Youngblood, Laura V. Benesh*, for appellants.
Duane A. Jenkins, *pro se*.