**Olivia McLEAN, Plaintiff,**

v.

**B.J.'s WHOLESALE CLUB, INC., Defendant.**

**Civil Action No. 1:06–cv–3073–GET.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 4, 2009.

James C. West, III, James C. West, III, P.C., Decatur, GA, for Plaintiff Olivia McLean.

John L. McKinley, Jr., Curtis J. Martin II, Mozley, Finlayson & Loggins LLP, Atlanta, GA, for BJ's Wholesale Club, Inc.

## ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled matter is presently before the court on defendant's motion for summary judgment [docket no. 56].

Plaintiff filed this action in the State Court of Fulton County, Georgia against defendant asserting claims for negligence, emotional distress, false imprisonment and wrongful arrest, and punitive damages arising from her allegedly wrongful arrest pursuant to an arrest warrant issued by defendant. On December 19, 2006, defendant removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441, 1446.

Defendant now moves for summary judgment.

### Standard

Courts should grant summary judgment when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party must "always bear the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That burden is "discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548; *see also U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir.1991).

Once the movant has met this burden, the opposing party must then present evidence establishing that there is a genuine issue of material fact. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. The nonmoving party must go beyond the pleadings and submit evidence such as affidavits, depositions and admissions that are sufficient to demonstrate that if allowed to proceed to trial, a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If he does so, there is a genuine issue of fact that requires a trial. In making a determination of whether there is a material issue of fact, the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. 2505; *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir.1987). However, an issue is not genuine if it is unsupported by evi-

dence or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505. Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the nonmoving party's case. *Id.* at 248, 106 S.Ct. 2505. Thus, to create a genuine issue of material fact for trial, the party opposing the summary judgment must come forward with specific evidence of every element essential to his case with respect to which (1) he has the burden of proof, and (2) the summary judgment movant has made a plausible showing of the absence of evidence of the necessary element. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

### Facts

In light of the foregoing standard, the court finds the following facts for the purpose of resolving this motion for summary judgment only. On or about July 5, 2003, plaintiff made a purchase at the B.J.'s membership club located in Conyers, Rockdale County, Georgia, by presenting a personal check. Plaintiff's check no. 562 in the amount of $10.60 was drawn on her personal account with South DeKalb Church Federal Credit Union. On or about July 29, 2003, plaintiff's check was returned to B.J.'s for insufficient funds.

Defendant contends that the bad check was documented in its Bad Check Ledger pursuant to company policy. Defendant also contends that its Loss Prevention Manager, William Hoover, called plaintiff and advised her of the returned check. According to Hoover, he contacted plaintiff to advise her that the check had been dishonored by the bank at the telephone number provided for plaintiff in B.J.'s membership database, which was a cell phone with a New York area code. Plaintiff denies receiving a phone call from any B.J.'s employee informing her that her check was dishonored.

On or about August 4, 2003, B.J.'s sent written notice of the bad check, via certified mail, to the plaintiff at her residence located in Decatur, Georgia. The certified notice sent by B.J.'s was entitled "16–9–20 Deposit Account Fraud." B.J.'s certified notice included a return receipt card, Article Number 7099 3400 0010 9864–4008, which number corresponded with the Article Number listed in B.J.'s Bad Check Ledger. The written notice was sent to the address plaintiff provided to B.J.'s. The address also matched the address on plaintiff's returned check.

In 2003, plaintiff would travel to New York for extended periods of time, as long as a month. During the Summer of 2003, plaintiff was undergoing rehabilitation therapy in New York after severing her right hand in an accident. When plaintiff was traveling, plaintiff's niece Shawon Pinder would sometimes pick up plaintiff's mail and pile it up until plaintiff returned. Pinder's signature is on the certified mail receipt for the letter from B.J.'s. Plaintiff denies receiving the letter and states that her niece, who is "learning disabled" does not recall receiving the letter and did not understand its importance.

When payment was not received by B.J.'s in response to the certified letter, B.J.'s filed its Citation for Violation of O.C.G.A. § 16–9–20, Criminal Issuance of Bad Check in the Magistrate Court of Rockdale, County, Georgia on September 15, 2003. Before applying for the citation, Hoover was required to provide the original green return receipt card in order to demonstrate that notice had been sent out via certified mail.

While shopping at a B.J.'s store in Brooklyn, New York in September 2003, plaintiff was informed by a B.J.'s customer service representative that she owed money to B.J.'s. Plaintiff paid the money that she owed to the customer service representative in New York and then continued

her shopping. Plaintiff never talked to anyone in the Georgia B.J.'s store about the issue. Plaintiff was advised to follow up with the Georgia B.J.'s store for information about the debt, but plaintiff was concerned with her ongoing therapy and search for employment so she did not attempt to get the information from the Georgia store. According to B.J.'s records, plaintiff made the payment in the New York store on September 26, 2003.

On or about June 9, 2006, plaintiff was arrested following a traffic stop by a police officer in DeKalb County, Georgia on the outstanding Warrant in Rockdale County for deposit account fraud. Plaintiff was detained at the DeKalb County jail before being transferred, later that same day, to the Rockdale County jail. That evening, she was released from the Rockdale County jail. Within days following the arrest, the charges against plaintiff were dismissed.

### Discussion

Defendant now moves for summary judgment on all of plaintiff's claims arguing that (1) the claims are barred by O.C.G.A. § 16–9–20 and (2) plaintiff's claims are without merit. Plaintiff opposes defendant's motion for summary judgment.

*Immunity pursuant to Georgia Deposit Account Fraud statute, O.C.G.A. § 16–9–20*

Under Georgia law, "[a] person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee." O.C.G.A. § 16–9–20(a). "[I]t is prima facie evidence that the accused knew that the instrument would not be honored if: . . . payment was refused by the drawee for lack of funds upon presentation within 30 days after de-

livery and the accused or someone for him or her shall not have tendered the holder thereof the amount due thereon, together with a service charge, within ten days after receiving written notice that payment was refused upon such instrument." O.C.G.A. § 16–9–20(a)(2). Notice mailed by certified mail evidenced by return receipt to the person at the address printed on the instrument or given, at the time of issuance shall be deemed sufficient and equivalent to notice having been received as of the date on the return receipt by the person making, drawing, uttering, executing or delivering the instrument. O.C.G.A. § 16–9–20(a)(2)(A).

It is undisputed that plaintiff wrote the check which was returned for insufficient funds and that defendant sent the required notice via certified mail. Plaintiff, however, contends that the knowledge requirement has not been satisfied because plaintiff had overdraft protection on her checking account and the certified letter from B.J.'s was accepted by plaintiff's learning disabled niece who did not inform plaintiff of the letter.

Plaintiff points to no authority which would support a finding that "overdraft" protection on the account negates the knowledge requirement, especially where, as here, the check was actually returned for insufficient funds and plaintiff had written other checks which were returned for insufficient funds both before and after the check at issue in this case. Furthermore, the undisputed evidence supports a finding that plaintiff was aware that her niece received plaintiff's mail on occasion while plaintiff was out of town. Therefore, it is immaterial whether plaintiff's niece understood the importance of the certified letter when determining whether defendant satisfied the statutory requirements for service.

"[A]ny party holding a worthless check or instrument and giving notice in substan-

tially similar form to that provided in sub-paragraph (a)(2)(B) of this Code section shall be immune from civil liability for the giving of such notice and for proceeding as required under the forms of such notice." O.C.G.A. § 16–9–20(h). Defendant substantially complied with the notice requirements of O.C.G.A. § 16–9–20(a)(2) and, therefore, is entitled to civil immunity. *See id.; Blue Moon Cycle, Inc. v. Jenkins,* 281 Ga. 863, 642 S.E.2d 637 (2007). Likewise, plaintiff points the court to no evidence that defendant's subsequent acceptance of restitution from the plaintiff voids defendant's civil immunity. *See e.g. Wilson v. Home Depot, Inc.,* 180 Ga.App. 218, 219, 348 S.E.2d 588 (1986) (subsequent repayment of the victim does not bar conviction of the offender).

Therefore, having considered the arguments of the parties, the court GRANTS defendant's motion for summary judgment [docket no. 56].

### Summary

Defendant's motion for summary judgment [docket no. 56] is **GRANTED.**