**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 19, 2018**

# In the Court of Appeals of Georgia

A18A1412. PERKINS v. PERKINS.                                   DO-052

DOYLE, Presiding Judge.

Sonya Luann Perkins ("the mother") filed a divorce petition, and her then-husband, Timothy Perkins ("the father"), filed a counterclaim. The trial court entered a final judgment of divorce, including therein a $67,672.58 award under OCGA § 19-7-24 to the mother for reimbursement of reasonable and necessary expenses for the parties' daughter, J. P. We granted the father's subsequent application for discretionary review. The father appeals the reimbursement award, arguing that (a) OCGA § 19-7-24 was inapplicable because J. P. was not born out of wedlock as defined by OCGA § 19-7-23; and (b) the trial court erred by awarding reimbursement in a greater amount than the mother spent to support J. P. For the reasons that follow,

we vacate the reimbursement award and remand for further proceedings consistent with this opinion.

In June 2016, the mother filed a complaint for divorce, and the father filed an answer and counterclaim. The mother subsequently filed an amended complaint, seeking, among other things, reimbursement for expenses associated with caring for J. P. Both parties stated in their pleadings that they were married on January 22, 2004, and that J. P., who was born in 2004, was a "minor child born as issue of the marriage."[1]

In the August 25, 2017 final judgment, following a hearing, the trial court granted the parties' divorce, ordered that each party would keep their respective property and marital debt, granted joint legal custody of J. P., with the mother having primary physical custody, and granted the father visitation rights. The court ordered the father to pay child support in the amount of $263 per month, based upon the mother's imputed income of $1,261 per month and the father's income of $1,502.28 per month. The court also required the father to reimburse the mother for reasonable and necessary expenses associated with caring for J. P.:

---

[1] The parties do not specify J. P.'s precise date of birth.

2

The [c]ourt finds . . . that the [f]ather has failed to provide any financial support for the minor child since the parties' separation over ten years ago. The [f]ather's testimony supported this finding. The [c]ourt finds that the [m]other has incurred reasonable and necessary expenses for the minor child pursuant to OCGA § 19-7-24 in the amount of $67,672.58 and is entitled to reimbursement for the same. A [d]omestic [j]udgment is entered against the [f]ather in the amount of $67,672.58. This debt shall accrue interest in the annualized percentage rate of 3 [percent]. The [f]ather shall pay this amount in minimum monthly payments of $375.96 beginning August 1, 2017[,] and the first of the month thereafter.

The father subsequently filed a motion for a new trial and for reconsideration. On October 13, 2017, the trial court amended the judgment to address a discrepancy between its oral pronouncement and the written judgment regarding visitation; refused to consider an affidavit of parental election filed by the father after the hearing; rejected the father's argument that there was newly discovered evidence regarding custody; denied the father's request to revisit the apportionment of the reimbursement award; and ordered the father to pay $1,000 in attorney fees "based on the lack of compelling evidence that would warrant a [n]ew [t]rial." This appeal followed.

1. The father argues that the trial court erred by requiring him to reimburse the mother for reasonable and necessary expenses related to J. P. pursuant to OCGA § 19-7-24. We agree.

"Where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm. When the issue is a question of law, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review."[2]

OCGA § 19-7-24 provides: "It is the joint and several duty of each parent of a child born out of wedlock to provide for the maintenance, protection, and education of the child until the child reaches the age of 18 or becomes emancipated, except to the extent that the duty of one parent is otherwise or further defined by court order." OCGA § 19-7-23 defines the term "child born out of wedlock" as: "(1) A child whose parents are not married when that child is born or who do not subsequently intermarry; (2) A child who is the issue of adulterous intercourse of the wife during wedlock; or (3) A child who is not legitimate within the meaning of Code Section 19-7-20."

---

[2] (Citation and punctuation omitted.) *Smith v. Carter*, 305 Ga. App. 479, 481 (2) (699 SE2d 796) (2010), quoting *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

There is no contention that paragraphs (2) or (3) of OCGA § 19-7-23 apply to J. P., and paragraph (1) does not apply either. Regardless of the precise date of J. P.'s birth, it is uncontested that she was born in 2004, and her parents married each other on January 22, 2004. Accordingly, she is not a child whose parents were not married when she was born or who did not subsequently intermarry. Thus, the trial court erred by ordering the father to reimburse the mother for expenses pursuant to OCGA § 19-7-24. Accordingly, we vacate that portion of the trial court's order and remand the case for further proceedings consistent with this opinion.

2. The father also argues that the trial court abused its discretion by requiring him to reimburse the mother for expenses not specifically related to J. P. Our holding in Division 1 renders this argument moot, and we do not address it.[3]

*Judgment vacated in part and case remanded. Dillard, C. J., and Mercier, J., concur.*

---

[3] There is no transcript of the hearing in the record on appeal, nor did the parties prepare and file a transcript from recollection pursuant to OCGA § 5-6-41 (g). We note that "'the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.'" *Tanks v. Greens Owners Assn.*, 281 Ga. App. 277 (635 SE2d 872) (2006).